`

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


ROBERT DOWNING                          )
                                        )
                Plaintiff,              )
                                        )   CIVIL ACTION
v.                                      )
                                        )   No. 08-4029-JAR-JTR
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
                Defendant.              )
_____ )


## REPORT AND RECOMMENDATION


Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A)(hereinafter the Act).[1]  Finding error, the court

_____

[1]The court notes that in his complaint, plaintiff asserted that this is an action under both Title II and Title XVI of the Social Security Act, and that he had filed applications for both Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) which were denied by the Commissioner.  (Doc. 1, 1-2).  In his answer, the Commissioner asserted that plaintiff filed an application for DIB only, denied that plaintiff filed an application for SSI, and denied that the Commissioner had denied any such SSI application.  (Doc. 4, 1).  In their briefs, the parties continue to make the same assertions, but neither party cites to record evidence (or has attempted to file an affidavit) in support of his position.  (Pl. Br. 1)(applications under Title II and Title XVI); (Comm'r Br. 1)(application under Title II).

recommends remand pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**I.   Background**

Plaintiff applied for benefits on Aug. 8, 2005, and his applications were denied initially and upon reconsideration.  (R. 28, 39-40).  Plaintiff requested and was provided a hearing before an Administrative Law Judge (ALJ).  (R. 28, 48, 59-67). At the hearing, plaintiff was represented by an attorney, and testimony was taken from plaintiff and from a vocational expert. (R. 28, 41, 336, 337, 372).[2]  The ALJ, Melvin B. Werner, issued a decision on Mar. 20, 2007, in which he found that plaintiff is not disabled within the meaning of the Act and denied plaintiff's applications.  (R. 28-38).  Plaintiff submitted additional

---

The court has searched the administrative record in vain for an application for either SSI or DIB.  The decision in this case mentions only an application for DIB, and the record contains "Disability Determination and Transmittal" forms relating only to DIB claims.  (R. 28, 39, 40).  Nonetheless, because retention of the administrative record is the duty of the Commissioner, because plaintiff asserts that he applied for both SSI and DIB, because it would be anomalous to allow the Commissioner to profit from failure to include all documents in the record, and because remand is necessary due to other errors, the court will assume without deciding for purposes of this opinion that plaintiff applied for both SSI and DIB.  On remand, the Commissioner may locate the applications (at least the DIB application on which the parties agree) and if necessary make a determination whether plaintiff filed an application for benefits under Title XVI.

[2]The Index of the hearing transcript states that testimony was taken from Mr. Kuhn, plaintiff's attorney.  (R. 337).  That appears to be a typographical error since it is the testimony of the vocational expert, Ms. Younger, not plaintiff's attorney, which begins on page 35 of the hearing transcript.  (R. 372).

evidence and sought Appeals Council review of the ALJ's decision.
(R. 23-24, 277-335).  The Appeals Council made the additional
evidence a part of the administrative record, but found no reason
to review the decision, and denied the request for review.  (R.
5-10).  Therefore, ALJ Werner's decision is the final decision of
the Commissioner.  (R. 5); Blea v. Barnhart, 466 F.3d 903, 908
(10th Cir. 2006).  Plaintiff now seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C.
§§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of
the Commissioner as to any fact, if supported by substantial
evidence, shall be conclusive."  The court must determine whether
the factual findings are supported by substantial evidence in the
record and whether the ALJ applied the correct legal standard.
Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v.
Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial
evidence is more than a scintilla, but less than a preponderance,
and it is such evidence as a reasonable mind might accept to
support a conclusion.  Zoltanski v. F.A.A., 372 F.3d 1195, 1200
(10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir.
1988).  The court may "neither reweigh the evidence nor
substitute [it's] judgment for that of the agency."  White, 287
F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs.,
933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395

F.3d 1168, 1172 (10th Cir. 2005).  The determination of whether
substantial evidence supports the Commissioner's decision,
however, is not simply a quantitative exercise, for evidence is
not substantial if it is overwhelmed by other evidence or if it
constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.
Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

    An individual is under a disability only if that individual
can establish that he has a physical or mental impairment which
prevents him from engaging in substantial gainful activity and is
expected to result in death or to last for a continuous period of
at least twelve months.  42 U.S.C. § 423(d).  The claimant's
impairments must be of such severity that he is not only unable
to perform his past relevant work, but cannot, considering his
age, education, and work experience, engage in any other
substantial gainful work existing in the national economy.  Id.

    The Commissioner uses a five-step sequential process to
evaluate whether a claimant is disabled.  20 C.F.R. §§ 404.1520,
416.920 (2006); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir.
2004); Ray, 865 F.2d at 224.  "If a determination can be made at
any of the steps that a claimant is or is not disabled,
evaluation under a subsequent step is not necessary." Williams
v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

    In the first three steps, the Commissioner determines
whether claimant has engaged in substantial gainful activity

-4-

since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). <u>Id.</u> at 750-51. If plaintiff's impairments do no meet or equal the severity of a listing, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. § 416.920. This assessment is used at both step four and step five of the sequential evaluation process. <u>Id.</u>

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether he is able to perform other work in the economy. <u>Williams</u>, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. <u>Dikeman v. Halter</u>, 245 F.3d 1182, 1184 (10th Cir. 2001); <u>Williams</u>, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show other jobs in the national economy within plaintiff's capacity. <u>Id.</u>; <u>Haddock v. Apfel</u>, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in weighing the medical opinions. Specifically, he claims the ALJ erred in weighing the opinion of plaintiff's treating physician, Dr. Whitmer; in relying on the opinions of the state agency medical consultants; and in failing to recontact Dr. Whitmer before rejecting his

-5-

opinion.  (Pl. Br. 9).  The Commissioner argues that the ALJ
properly evaluated Dr. Whitmer's opinion, properly afforded it
less than controlling weight, and had no need to recontact Dr.
Whitmer in the circumstances.  (Comm'r Br. 10-16).  The
Commissioner does not address the ALJ's decision to rely upon the
opinions of the state agency medical consultants.  The court will
address each issue raised.

### III. Evaluation of Medical Opinions

The ALJ assessed plaintiff with the RFC for light work with
additional limitations that he alternate between standing and
sitting every twenty to thirty minutes, that he avoid hazards,
and that he perform bending, stooping, or squatting only
occasionally.  (R. 32).  The ALJ relied upon the opinions of the
state agency medical consultants because those physicians
provided specific reasons for their opinions which were grounded
in the evidence and reflected that they had thoroughly considered
plaintiff's allegations.  Id.(citing Ex. 12F (R. 244-
51))(Physical RFC Assessment Form).  He found that evidence
received after the reconsideration evaluation "did not provide
any new or material information that would alter any findings
about the claimant's residual functional capacity."  (R. 32).
The ALJ then noted that he was aware of Dr. Whitmer's treating
source opinion restricting plaintiff to less than sedentary work
and stating that plaintiff is disabled, but gave five specific

-6-

reasons for discounting that opinion:  (1) Dr. Whitmer cited no specific findings supporting his opinions from either his own examination or (2) examinations of other physicians; (3) the record reveals ethical issues with Dr. Whitmer's opinion because Dr. Whitmer provided an independent medical examination and subsequently undertook to treat plaintiff; (4) findings regarding the ultimate issue of disability are reserved to the Commissioner; and (5) requiring plaintiff to avoid heights and dangerous machinery are restrictions sufficient to accommodate plaintiff's seizure history.  (R. 33).

Plaintiff claims the ALJ erred in weighing Dr. Whitmer's opinion in that he failed to accord controlling weight to the opinion, he failed to articulate the weight accorded to the opinion, and he improperly rejected the opinion.  He claims the ALJ erred in relying upon the opinions of the state agency medical consultants because he did not explain the weight given those opinions, because he did not explain why the opinions of those non-examining physicians are worthy of greater weight than the opinion of the treating physician, and because he did not explain why the RFC assessed by the ALJ is different than that assessed by the state agency medical consultants.  The Commissioner argues that the ALJ properly weighed Dr. Whitmer's opinion and cites to record evidence tending to support the ALJ's determination.  However, the Commissioner did not address

-7-

plaintiff's argument that it was error to rely upon the opinions
of the state agency medical consultants.

**A.    Standard for Evaluating Medical Opinions**

Medical opinions may not be ignored and, unless a treating
source opinion is given controlling weight, will be evaluated by
the Commissioner in accordance with factors contained in the
regulations.   20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p,
West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2008).   A
physician who has treated a patient frequently over an extended
period of time is expected to have greater insight into the
patient's medical condition.   Doyal v. Barnhart, 331 F.3d 758,
762 (10th Cir. 2003).   But, "the opinion of an examining
physician who only saw the claimant once is not entitled to the
sort of deferential treatment accorded to a treating physician's
opinion."   Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374
(10th Cir. 1995)).   However, opinions of examining sources are
generally given more weight than the opinions of non-examining
sources who have merely reviewed the medical record.   Robinson v.
Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v.
Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent
v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v.
Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel.
Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003).  The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"  Id. at 1300 (quoting SSR 96-2p).  If the opinion is well-supported, the ALJ must then determine whether the opinion is consistent with other substantial evidence in the record.  Id. (citing SSR 96-2p).  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

If the treating source opinion is not given controlling weight, the inquiry does not end.  Id.  A treating source opinion is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Id. Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(d)(2-6),

-9-

416.927(d)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211,

1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human

Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

After considering the factors, the ALJ must give reasons in

the decision for the weight he gives the treating source opinion.

Id. 350 F.3d at 1301.

> A treating physician's opinion must be given
> substantial weight unless good cause is shown to
> disregard it.  Frey v. Bowen, 816 F.2d 508, 513 (10th
> Cir. 1987).  When a treating physician's opinion is
> inconsistent with other medical evidence, the ALJ's
> task is to examine the other physicians' reports "to
> see if [they] 'outweigh[]' the treating physician's
> report, not the other way around."  Reyes v. Bowen, 845
> F.2d 242, 245 (10th Cir. 1988).  The ALJ must give
> specific, legitimate reasons for disregarding the
> treating physician's opinion that a claimant is
> disabled.  Frey, 816 F.2d at 513.

Goatcher, 52 F.3d at 289-90.

**B.   Analysis**

The court agrees with plaintiff that the ALJ erred in

weighing the medical opinions.  First, the ALJ failed to consider

whether to give controlling weight to Dr. Whitmer's opinion.

This is the first step in evaluating medical opinions of record.

Watkins 350. F.3d at 1300.  There is no indication in the

decision that the ALJ considered whether Dr. Whitmer's decision

should be given controlling weight.  As plaintiff argues, the

decision does not contain any discussion whether Dr. Whitmer's

opinion is well-supported by medically acceptable clinical and

laboratory diagnostic techniques, or whether it is "not

-10-

inconsistent" with the other substantial evidence in the case record.  Thus, in order to determine that the ALJ was correct in not according controlling weight to Dr. Whitmer's opinion, it would be necessary for the court to answer these factual questions.  However, the court may not weigh the evidence in the first instance.  Hackett, 395 F.3d at 1172; White, 287 F.3d at 905; Casias, 933 F.2d at 800.

Second, the ALJ failed to state what weight he was giving Dr. Whitmer's opinion.  Because the ALJ gave five reasons to discount Dr. Whitmer's opinion, one might assume that the ALJ rejected the opinion completely, but the ALJ did not state he had done so, and did not explain why it was proper to do so.  Moreover, as plaintiff argues, the decision reveals the ALJ did not completely reject Dr. Whitmer's opinion.  Dr. Whitmer opined that plaintiff must periodically alternate sitting and standing and must avoid concentrated exposure to hazards, and the ALJ found that plaintiff must alternate standing and sitting every twenty to thirty minutes and should avoid hazards.  To that extent, the ALJ accepted Dr. Whitmer's opinion.  Yet, the ALJ did not state that he gave some weight to Dr. Whitmer's opinion, and did not explain why it was proper to give weight to part of the opinion but not to the remainder of the opinion.

Third, the ALJ erred in relying upon the opinions of the state agency medical consultants.  As plaintiff argues, if an ALJ

intends to rely upon the testimony of a nontreating physician over that of a treating physician, he must explain the weight given the nontreating physician's opinion.  (Pl. Br. 15)(citing Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004)).   In such a case, "the ALJ's task is to examine the other physicians' reports to see if they outweigh the treating physician's report, not the other way around."  Hamlin, 365 F.3d at 1205(quoting Goatcher, 52 F.3d at 290).  Here, the ALJ did not perform the required analysis.  He concluded that he agreed with the state agency physicians' opinions before he even mentioned Dr. Whitmer's treating source opinion.  (R. 32-33).  He did not explain why the state agency physicians' opinions should outweigh Dr. Whitmer's opinion.  There is no indication in the decision that he subjected the opinions to relative weighing, and no indication of a basis for finding that the consultants' opinions overcome the deference usually accorded to the opinion of a treating source.

Finally, although the ALJ relied upon the state agency medical consultants' RFC opinions, his RFC assessment is different than the consultants' assessment, and the decision does not include an explanation for the differences.  The consultants limited plaintiff to light exertional work, but they did not require alternate sitting and standing, whereas the ALJ found plaintiff must alternate standing and sitting every twenty to

thirty minutes.  <u>Compare</u> (R. 245) <u>with</u> (R. 32).  Different than
the ALJ, the consultants limited plaintiff to occasional
balancing, kneeling, crouching, crawling, or climbing ramps and
stairs; and to never climbing ladders, ropes, or scaffolds.
<u>Compare</u> (R. 32) <u>with</u> (R. 246).  The consultants required
plaintiff to avoid concentrated exposure to extreme cold, extreme
heat, and vibration, but the ALJ's RFC did not.  <u>Compare</u> (R. 248)
<u>with</u> (R. 32).  Despite these differences, the ALJ relied upon the
consultants' opinions, but he did not explain any of the
differences.  The ALJ also stated that the evidence received
after the consultants' opinions did not provide any new or
material information to change plaintiff's RFC as assessed by the
consultants.  (R. 32).  Yet, the ALJ's RFC assessment did just
that, and he did not provide an explanation for doing so.

In the circumstances, the court is left to speculate
regarding the specific weight given any of the medical source
opinions, and regarding the bases and rationale for the specific
restrictions included in plaintiff's RFC.  The court can only
speculate regarding why the consultants' opinions were accepted
over that of the treating source.  Therefore, remand is necessary
for the Commissioner to properly weigh the medical opinions and
to explain the weight given each.

**IV.  Recontacting the Treating Physician**

-13-

In his final argument, plaintiff claims the ALJ erred in failing to recontact Dr. Whitmer before rejecting his opinion. (Pl. Br. 16-17).  The Commissioner argues that there was no error in failing to recontact Dr. Whitmer in this case because the ALJ did not find that Dr. Whitmer's opinion was inadequate to make a decision.

As plaintiff argues, the regulations provide that a medical source will be recontacted "When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled."  20 C.F.R. §§ 404.1512(e), 416.912(e).  The Tenth Circuit has found a duty to recontact the physician where a treating source did not provide any reason for his opinion, Robinson, 366 F.3d at 1084; where the validity of the treating source's opinion is open to question, McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002); and where the ALJ ignored treating sources' opinions that claimant was disabled but stated that the sources' had not placed any functional restrictions on the claimant, Roberts v. Barnhart, 36 Fed. Appx. 416, 419 (10th Cir. June 12, 2002).

The duty to recontact is triggered not merely by rejection of the treating physician's opinion, or by an inconsistency, ambiguity, or conflict in the evidence, but by a problem which renders the evidence inadequate for the ALJ to determine whether a claimant is disabled.  Where the evidence is adequate for the

-14-

ALJ to resolve ambiguities, inconsistencies, and conflicts and
properly reach a disability determination, there is no duty to
recontact.  The Tenth Circuit has explained:  "it is not the
rejection of the treating physician's opinion that triggers the
duty to recontact the physician; rather it is the inadequacy of
the 'evidence' the ALJ 'receive[s] from [the claimant's] treating
physician' that triggers the duty."  White, 287 F.3d at
908(quoting 20 C.F.R. 416.912(e)).

Here, the Commissioner has not properly considered all of
the medical source opinions and attempted to resolve the
ambiguities presented.  Therefore, it would be premature to
direct the Commissioner to recontact the treating physician.  On
remand, the Commissioner must properly evaluate the medical
source opinions and determine whether it is necessary to
recontact the treating physician in accordance with the standards
explained herein.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision
be REVERSED and that judgment be entered pursuant to the fourth
sentence of 42 U.S.C. § 405(g) REMANDING the case for further
proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered
to counsel of record for the parties.  Pursuant to 28 U.S.C.
§ 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the
parties may serve and file written objections to this

recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a waiver of appellate review.  <u>Morales-Fernandez v. INS</u>, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this 4th day of November 2008, at Wichita, Kansas.


s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**